IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GREGORY DEWAYNE WARD | § | |
| v. | § | CIVIL ACTION NO. 6:11cv288 |
| WARDEN PRISCILLA DALY, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Gregory Ward, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Ward named Hodge Unit Warden Priscilla Daly, correctional officers Darren Lofton and Sharon Littlefield, and nurses named J. Henderson, M. Lennison, G. Weatherford, Sowell, J. Stewart, S. McCallum, Nathan Cummings, and T. Cox

Ward complained that while at the Hodge / Skyview Complex in April of 2010, he was assigned by Warden Daly to work as a janitor and on the shower crew, but this assignment was contrary to his medical restrictions. Officer Martin required him to perform the work assignments. After an evidentiary hearing, all of the defendants in the case except for Daly and Martin were dismissed, and these defendants were ordered to answer the lawsuit.

On November 5, 2012, Daly and Martin filed a motion for summary judgment based on failure to exhaust administrative remedies. This motion stated that Ward filed Step One grievances concerning an assignment to work duties which he was medically restricted from performing, harassment by an officer named Cuba about being unable to work, and a disciplinary case which he

1

received from an officer named Burnett for not turning out for work when he told her that he was supposed to have a lay-in and she said that she did not have him down for any lay-ins. However, the motion for summary judgment asserted that Ward did not file any Step Two appeals of any of these grievances, and thus did not complete the exhaustion process.

Although Ward attached a Step Two grievance form to his original complaint, the Defendants argued that there was no evidence that this form was ever submitted to the grievance office. The Defendants noted that this Step Two grievance form contained a paragraph referring to Exhibit 6 to his lawsuit, thus making clear that the form could not have existed before the lawsuit was filed.

Ward filed two responses to the motion for summary judgment. The first of these says that the Defendants are making a "speculative assumption" that he did not file a Step Two grievance. He refers to Step Two grievance appeals dated September 15 and October 29, 2010, but concedes that the October 29 form did not relate to the Step One grievance that he filed concerning the incident forming the basis of the lawsuit. Ward says that "the State presents nothing to show that the plaintiff failed to file a Step Two grievance as they claim" and that "the plaintiff fully asserts his compliance to TDCJ's process allows no third party review of a transactional basis that would attest to the accuracy and integrity of Step 2 or Step 1 grievances as indicated by the state's own exhibits."

In his second response to the motion for summary judgment, Ward says that he filed a Step Two grievance on September 15, 2010, but that the prison officials failed to process it or lost it. He stated that he contacted the ombudsman on October 24 to allow him to file another Step Two grievance but that he was denied the ability to do so.

In his original complaint, Ward stated that on September 27, 2010, he received both his Step One and Step Two grievance forms back, together with a note saying that his medical restrictions had been dropped and he was assigned to another job by Captain Jeter, and that he should see the medical department if he needed his restrictions reinstated. On October 24, almost a month later, Ward wrote an I-60 inmate request form to ask who was responsible for the "detention" of his grievance, and was told that the grievance had never been received in the grievance office. Ward

then wrote to the ombudsman and received a form letter saying that all grievances had to be submitted through the unit grievance investigator within 15 days of the applicable date.

After review of the pleadings and summary judgment evidence, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted and that the lawsuit be dismissed for failure to exhaust administrative remedies. After reciting the law on exhaustion, the Magistrate Judge noted that conclusory assertions that an inmate filed a Step Two grievance which was never returned, even when accompanied by production of an unprocessed Step Two grievance form in the district court, do not create a genuine issue as to exhaustion.

In this case, the Magistrate Judge concluded that Ward presented nothing more than conclusory assertions that he had attempted to exhaust his administrative remedies, accompanied by production of an unprocessed Step Two form. As the Defendants observe, this unprocessed Step Two form refers to "Exhibit 6" and ths makes clear that it was created at the time of the filing of the lawsuit, in June of 2011, not in September of 2010. Although Ward appeared to indicate that a Step Two grievance form had been returned to him in September of 2010, the Magistrate Judge observed that Ward did not explain why he did not include this form in the exhibits to his complaint, rather than a Step Two form which had been created at the time that the lawsuit was filed rather than when the incidents complained of took place.

The Magistrate Judge concluded that Ward's conclusory assertions to the effect that he was somehow "prevented" from exhausting his administrative remedies did not create a genuine issue as to exhaustion. Although Ward contended that a Step Two form was returned to him, along with his Step One form, on September 27, he did not explain why he did not re-submit the Step Two form at that time, but instead waited a month and then wrote to the ombudsman on October 24, after the time period to re-submit his Step Two grievance had elapsed. Because the competent summary judgment evidence showed that Ward failed to exhaust his administrative remedies in a procedurally proper manner, the Magistrate Judge recommended that the lawsuit be dismissed.

Ward filed objections to the Magistrate Judge's Report on January 8, 2013. In his objections, Ward again says that "the defendants are requesting this court take action on a speculative assumption that the plaintiff had not filed a Step Two grievance." He says that "the proof that is offered is a amended form / explanation for failure to have a Step Two filed which specifically addresses the State's failure to return said Step Two grievance." In addition, Ward says that he has a witness that the grievance office is losing or misplacing grievances, and that he has a witness who had a Step Two grievance form "that was nearly all deleted." Ward explains that this other inmate filed a Step Two grievance form, but that "of approximately 20 lines filled out, all except four lines were entirely wiped clean from the form, furthermore his name, TDCJ #, unit and housing assignment were also removed, then someone wrote in his name and # after this removal of what he wrote. This large scale deletion of what he wrote in his Step 2 grievance makes his Step 2 unintelligible." Ward states that this amounts to "tampering with government documents."

Ward goes on to reiterate that he filed a grievance but the grievance office refused to respond, and says that "the department cannot justify or prove that the plaintiff did not finish.'" He says that there is also the question of whether the grievance process has "any remaining integrity" if acts such as this or the tampering with government documents are allowed to stand.

A review of the record in this case shows that the Defendants have provided competent summary judgment evidence that Ward did not exhaust his administrative remedies, and Ward has offered nothing beyond conclusory assertions that he tried to file a Step Two grievance. He states that his Step One and Step Two grievances were returned together, although it is not clear how this would be possible inasmuch as a completed Step One grievance is required to file a Step Two grievance; thus, Ward could not have properly filed a Step Two grievance without having received his Step One back. Furthermore, as the Magistrate Judge observed, even assuming that Ward received his Step One and Step Two grievances back on September 27, he did not explain why he did not re-submit the Step Two at that time, rather than waiting a month and then writing to the ombudsman. Neither Ward's conclusory assertions nor the Step Two grievance form which he

4

attached, which form was plainly created at the time of the filing of the lawsuit, create a genuine issue as to exhaustion. Kidd v. Livingston, 463 Fed.Appx. 311, 2012 WL 614372 (5th Cir., February 28, 2012), *cert. denied*, 133 S.Ct. 36 (2012); Freeman v. Texas Department of Criminal Justice, 369 F.3d 854, 860 (5th Cir. 2004). This comports with the general rule that once the defendants have shifted the burden to the plaintiff by properly supporting their motion for summary judgment with competent evidence indicating an absence of genuine issues of material fact, the plaintiff cannot meet his burden by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Ward's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 41) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment based on the issue of exhaustion of administrative remedies (docket no. 34) be and hereby is GRANTED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice for failure to state a claim upon which relief may be granted, predicated on the failure to exhaust administrative remedies. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 15th day of January, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE